## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALID SUMBRY, | |
| Plaintiff, | Civil Action No. 19-12069 (MAS) (LHG) |
| v. | **MEMORANDUM AND ORDER** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Plaintiff Khalid Sumbry filed, through counsel, a civil rights complaint. (Compl., ECF No. 1-1.) The matter was originally filed in the New Jersey Superior Court, Law Division, Mercer County, and raised claims against the New Jersey Department of Corrections ("NJDOC") under the New Jersey Civil Rights Act ("NJCRA"), the New Jersey Tort Claims Act ("NJTCA"), and 42 U.S.C. § 1983. (*Id.*) The NJDOC removed the action to federal court since the complaint raised federal claims under § 1983. (Notice of Removal, ECF No. 1.) Plaintiff subsequently filed a motion to amend his complaint which was granted, as well as correspondence requesting that the Court remand the matter to state court. (Mot. to Amend, ECF No. 9; Order, Aug. 5, 2019, ECF No. 15; Pl.'s Letter, July 8, 2019, ECF No. 10.) Plaintiff's amended complaint added the State of New Jersey as a Defendant and removed all of his federal claims, leaving only causes of action arising under the NJCRA and NJTCA. (Am. Compl., ECF No. 16.) Defendants oppose Plaintiff's remand request and argue that this Court has diversity jurisdiction. (Defs.' Resp., ECF No. 11.) Defendants also filed a motion to dismiss the amended complaint on its merits. (Mot. to Dismiss, ECF No. 19.) Since Plaintiff's request to remand raises a question as to this Court's jurisdiction, the Court will first address that issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998) (holding that a court must first determine its jurisdiction over a case before addressing the merits).

"[S]ubject matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court, [a]t the time the petition for removal is presented." *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 124 (3d Cir. 1979); *see also Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Here, at the time the complaint was removed from state court, this Court had original jurisdiction over the § 1983 claims and supplemental jurisdiction over the NJCRA and NJTCA claims which arose out of the same operative facts as the federal claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

Plaintiff's amended complaint, however, no longer contains any federal claims. (Am. Compl., ECF No. 16.) Absent "extraordinary circumstances," a court should not exercise jurisdiction over state law claims where there is "no substantial federal claim to which the state claims could be appended." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976). Although the decision to exercise supplemental jurisdiction lies within the discretion of the district court, courts "ordinarily should refrain from exercising pendent jurisdiction" unless "'considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Robyn Meredith, Inc. v. Levy*, 440 F. Supp. 2d 378, 387 (D.N.J. 2006) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Where federal claims are dismissed at an early stage of litigation, courts should generally decline to exercise supplemental jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Nevertheless, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). When determining whether to remand, a court is instructed to consider:

> the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . .

*Id.* at 350 (citing *United Mine Workers*, 383 U.S. at 726-27).

Here, the federal claims over which this Court had original jurisdiction no longer remain and the only remaining claims arise under state law. This case is also in the earliest stages of litigation and there have been no substantive decisions affecting the claims or positions of the parties. Therefore, considering the factors of judicial economy, convenience, fairness, and comity, this Court finds it appropriate to remand the matter to state court where it was filed.[1] The Court, accordingly, denies the pending motion to dismiss as moot.

---

[1] Defendants argue that this Court retains diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. (Defs.' Resp., ECF No. 11.) Under § 1332, a federal court has jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [. . .] citizens of different States." 28 U.S.C. § 1332(a). The party seeking to invoke diversity jurisdiction bears the burden of affirmatively proving such jurisdiction exists. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *see also Willow Springs Operator, LLC v. USI Ins. Serv., LLC*, Civ. No. 19-35, 2019 WL 2635998, at *2 (D.N.J. June 27, 2019) ("The removing defendants bear the burden of establishing diversity jurisdiction.") (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013))).

Based on the foregoing, and for other good cause shown,

**IT IS** on this ___16th___ day of April 2020, **ORDERED** that:

1. Plaintiff's remand request (ECF No. 10) is **GRANTED**;

2. The Court remands the matter to the Superior Court of New Jersey, Law Division, Mercer County;

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims;

4. Defendants' Motion to Dismiss (ECF No. 19) is **DENIED** as moot; and

5. The Clerk of the Court shall mark this matter as **CLOSED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

Here, Defendants have not met their burden of establishing diversity jurisdiction. Defendants assert simply that since Plaintiff is a resident of the State of New York "complete diversity of citizenship exists[.]" (Defs.' Resp., ECF No. 11 at 1-2.) Defendants do not provide, however, any argument regarding whether the amount in controversy exceeds the statutory minimum of $75,000. (*See id.*) Indeed, both Plaintiff's original complaint and his amended complaint are devoid of any monetary amount. (*See generally* Compl., ECF No. 1-1; Am. Complaint, ECF No. 16.) Each complaint provides only a general request for damages. (*See generally* Compl., ECF No. 1-1; Am. Complaint, ECF No. 16.) Accordingly, since Defendants have not provided, or even alleged, an amount in controversy over $75,000, Defendants have not met their burden of establishing the facts necessary to invoke diversity jurisdiction.

4